[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff has brought this action recover damages arising out of the alleged faulty and tardy repair of his outboard motor. The defendant has now moved to dismiss because of lack of jurisdiction over the person. It contends that as a foreign corporation, it does not meet the criteria for the exercise of the long-arm jurisdiction of the State of Connecticut as codified in General Statutes § 33-929(f).
The defendant is a corporation organized in the State of New Jersey. It is in the business of repairing, servicing and modifying marine outboard engines. The corporation is managed by CT Page 109 Edward Runne, its sole shareholder, and its sole business location is in Wharton, New Jersey. It does not advertise in Connecticut, and there is no evidence that it has solicited business in this state.[1]
The plaintiff acknowledges that he heard about the defendant through conversation with the person who sold him the engine which he sought to have repaired. It was the plaintiff who contacted the defendant, first in writing, and later by telephone. After several such telephone conversations, the plaintiff agreed to transport his motor to the defendant's place of business in New Jersey, at which time the parties discussed the work to be done. It was then that the parties actually agreed on the work that the defendant was to perform, and the plaintiff left a $1,000.00 deposit. The plaintiff later became discontented with the defendant's work. Efforts to resolve their dispute broke down, and this lawsuit and ensued.
"If a challenge to the court's personal jurisdiction is raised by a defendant, either by a foreign corporation, or by a nonresident individual, the plaintiff must bear the burden of proving the court's jurisdiction." Knipple v. VikingCommunications, Ltd., 236 Conn. 602, 607, 674 (1996). General Statutes § 33-929(f) sets forth Connecticut's long arm statute for acquiring personal jurisdiction over foreign corporations:
§ 33-929. Service of process on foreign corporation
(f) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold CT Page 110 or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.
If the conduct of a foreign corporation does not fit within the terms of § 33-929(f), the courts of this state do not have personal jurisdiction over that corporation, even though jurisdiction would otherwise be conferred under the federal due process clause of the U.S. Constitution. Id., at 606; Fraizer v.McGowan, 198 Conn. 243, 246, 247 (1986). See also Thomason v.Chemical Bank, 234 Conn. 281, 295 (1995).
Jurisdiction is acquired under subsection (1) if the resident's cause of action arises "out of any contract made in the state or performed in the state." The undisputed facts of this case establish that although there were earlier telephonic negotiations between Connecticut and New Jersey, the contract between the parties was made and performed entirely in New Jersey.
Subsection (2) authorizes this court to exercise jurisdiction if the foreign corporation "repeatedly" solicits business in this state. "For the purpose of [§ 33-929(f)(2)] a plaintiff's cause of action arises(s) . . . out of . . . business solicited in this state if, at the time the defendant engaged in solicitation in Connecticut, it was reasonably foreseeable that, as a result of that solicitation, the defendant could be sued in Connecticut by a solicited person on a cause of action similar to that now being brought by the plaintiff." (Internal quotations omitted). Thomaston v. Chemical Bank, 234 Conn. at 296. However, there being no evidence that the defendant specifically solicited the plaintiff's business in Connecticut, or that it generally solicits business in Connecticut, this subsection cannot be a basis for personal jurisdiction over the defendant.
Jurisdiction arises under subsection (3) if the foreign corporation produces, manufactures or distributes goods "with a reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed . . ." The defendant repairs, services and makes performance enhancement modifications to existing marine outboard motors. There has been no suggestion that it does anything other than work on property belonging to its customers or that it distributes or sells any products or CT Page 111 goods. It does not "prepare(s) the original substance for use in different forms;" "process(es) raw material;" "change(s) the form of a commodity;" "create(s) a new commodity;" or create a "finished product materially different from an original material." See Ziperstein et al. v. Tax Commissioner,178 Conn. 493 (1979). Thus, the defendant does not manufacture goods so as to bring it within the purview of subsection (3) of Connecticut's long arm statute.
Finally, jurisdiction is obtained under subsection (4) if a foreign corporation commits a tortious act in Connecticut. The defendant's conduct as alleged in the plaintiff's complaint, even if tortious, cannot invoke Connecticut jurisdiction because that conduct did not occur in this state. Plaintiff acknowledges that all of the conduct which he deems negligent occurred in the state of New Jersey. He offers no support or authority for his conclusion that this conduct becomes a tortious act committed in this state simply because the plaintiff, as the alleged victim of the tortious conduct, resides here.
It is therefore apparent that the plaintiff's cause of action does not arise out of a contract made in this state or performed in this state. The defendant does not solicit business in this state, and it certainly does not do so "repeatedly." It is engaged in the business of repairing, servicing and modifying marine outboard engines, not manufacturing them. If, indeed, the defendant's conduct was tortious, such a tortious act was committed in New Jersey, not in Connecticut. For all these reasons, the plaintiff cannot invoke Connecticut's Long Arm Statute to gain jurisdiction over this defendant, and the motion to dismiss is therefore granted.
Jonathan E. Silbert, Judge